JUNE TERM, 1855. 445

Imlay *v.* The Judges of the City Court of the City of Hartford.

IMLAY *vs.* THE JUDGES OF THE CITY COURT OF THE CITY
OF HARTFORD.

The statute passed in 1854, regulating appeals from the county to the superior
court, is applicable to the city courts of the city of Hartford.

Where the plaintiff brought his action of *assumpsit* to the term of the city
court of the city of Hartford, holden in December, 1854, demanding $1,000
damages, which action by legal continuances came to the April term of said
court in 1855, when judgment was rendered in favor of the plaintiff; it was
held, that the defendant was not then entitled to an appeal to the superior
court.

THIS was a writ of *mandamus*, directed to the judges of
the city court of the city of Hartford, requiring them to allow
the complainant an appeal from a judgment of that court,
or to show reasons to the contrary.

The complaint alleged that one Nelson Mowry, in November, 1854, brought an action of *assumpsit* against the complainant, demanding one thousand dollars damages, and
before that court at the term holden in April, 1855, recovered
judgment therein. The complainant thereupon moved for
an appeal to the next superior court, which was denied by
the judges of the city court.

The defendants made return, admitting their refusal to
allow the appeal, assigning as a reason, that the cause, in
their opinion, was not legally appealable.

The superior court dismissed the application for a *mandamus*, and the complainant brought the case before this
court, by motion in error.

*Fellowes* and *Hooker & Hawley*, for the complainant.

*Bulkeley* and *R. D. Hubbard*, for the defendants.

WAITE, C. J. The only question in the present case, is,
whether the complainant, Imláy, was entitled to an appeal
from the judgment rendered against him in the city court, in

the suit brought against him by Mowry; and this depends upon the construction of the statutes regulating appeals from the city and county courts.

By an act of the general assembly, passed in 1784, incorporating the city of Hartford, it is provided that "there shall be holden, on the second Tuesday of every month, a city court," having jurisdiction of certain cases prescribed in the act, "and said city courts shall, as to causes by them cognizable, to all intents and purposes, have the same powers and authorities, and proceed in the same manner, and grant executions, as said county courts now or hereafter, by law, shall have, proceed and grant"—"and an appeal shall be allowed from the judgment or determination of said city courts to the next superior court, to be holden in the county of Hartford, in all cases, in which an appeal now or hereafter, by law, shall be allowed from said county courts."

And by the statute, then in force, an appeal was allowed from a judgment of the county court to the superior court, in all cases where the value of the debt, or matter in dispute, exceeded the value of seventy dollars, except in suits on bonds and notes vouched by two witnesses. Stat., ed. 1796, pp. 64, 28.

Had the latter statute remained unchanged, the complainant would undoubtedly have been entitled to an appeal, and the refusal of the city court to allow it would have been error.

By the statute, passed in 1854, and before the commencement of the suit against the complainant, the right of appeal was allowed only to the defendant, during the first term of the county court to which the suit was brought, and before any trial was had to the jury therein.

As the appeal, in the present case, was not taken at the first term of the court to which the suit was brought, the question is, whether the latter statute applied to appeals in the city courts, as well as to those in the county courts. And we are of opinion that it did, and that the city court did not

err in refusing the allowance of an appeal, in that stage of the proceeding, in which it was offered.

The design of the legislature, in creating and establishing the city courts, was to confer upon them all the powers, in relation to the causes, over which they had jurisdiction, that were then possessed or might *thereafter* be exercised, by the county courts, and appeals were to be allowed in the same manner as they were then allowed, or might, by law, be *thereafter* allowed in the county courts. Such is the obvious import of the language used.

We are therefore of opinion that there is no error in the judgment complained of.

In this opinion the other judges concurred, except STORRS, J., who was disqualified.

*Mandamus* not to be issued.